People v Williams (2026 NY Slip Op 50261(U))

[*1]

People v Williams

2026 NY Slip Op 50261(U) [88 Misc 3d 1228(A)]

Decided on February 27, 2026

City Court Of Mount Vernon

Johnson, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 27, 2026
City Court of Mount Vernon

The People of the
State of New York

againstJoseph Williams, Defendant.

Docket No. CR-03020-25

Westchester County District AttorneyMount Vernon branchDaniel
Harnick, Esq.Attorney for Defendant345 Bronx River Road - #4DYonkers,
NY 10704

Nichelle A. Johnson, J.

Defendant is charged under Docket #03020-25 with two counts of Criminal Contempt in the
Second Degree (PL 215.50 [3]) and under Docket #0321-25 with Criminal Contempt in the
Second Degree (PL 215.14[3]) and Harassment in the Second Degree [PL 240.25 [1]). The
matters were consolidated for trial. The People filed an initial Certificate of Compliance ("COC")
and Statement of Readiness ("SOR") on July 29, 2025 for Docket #3212-25 and on August 15,
2025 for Docket # 03020-25. Supplemental COCs were filed for the consolidated Dockets on
October 17, 2025 and November 17, 2025.
Defendant moves for an order striking the People's Certificate of Compliance and Statement
of Readiness filed on July 29, 2025, August 15, 2025, and Supplemental COC on October 27,
2025. He also moves to dismiss the accusatory instrument pursuant to CPL §30.30.
In support of the motion, the defendant asserts that the People failed to comply with their
discovery obligations and as such, the COC and SOR are illusory and that the speedy trial clock
has run. Specifically, the defendant contends that the People belatedly disclosed Ring doorbell
camera footage of one of the incidents and photos taken by police officers. The defendant argues
that the People filed their COCs on July 29, 2025 and August 15, 2025 and Supplemental COC
on October 27, 2025, and that the Ring Camera footage and photos at issue were not turned over
until November 17, 2025, the day before this matter was on for a jury trial. The People also filed
a Supplemental COC the same day. Defendant contends that the People failed to provide the
requisite discovery as set forth in CPL § 245 in a timely manner and, as such, the People's
July 29, 2025, August 15, 2025 and October 27, 2025 COCs were invalid and as such, its
Statement of Readiness was illusory. As such, defendant contends that as the People's SOR was
illusory, [*2]the People have failed to be ready for trial within
their requisite CPL 30.30 time limit and the accusatory instruments should be dismissed.
In opposition, it is the People's position that their Certificates of Compliance are not illusory.
The People argue that they exercised due diligence prior to filing the COCs and SOR. The People
assert that on June 23, 2025, an email and Discovery Demand was sent to the Mount Vernon
Police Department ("MVPD") requesting all discovery on Docket #3020-25. A copy of the email
and Demand is attached to the papers as Exhibit 1. The People assert that on June 30, 2025 they
sent an email and Discovery Demand to the Mount Vernon Police Department requesting all
discovery on Docket # CR-03212-25. A copy of the email and Demand is attached to the motion
papers as Exhibit 2. The People assert that they provided various discovery material to the Legal
Aid Society and defense counsel on June 30, 2025, July 8, 2025, July 29, 2025, August 15, 2025;
the lists include two surveillance videos, body worn cameras, and witness information. On or
about July 21, 2025, the MVPD uploaded a final checklist, indicating they had turned over all
discovery on Docket #3212-25. A copy is attached to the papers as Exhibit 6.
The People affirm that on October 17, 2025, while preparing for trial, they discovered an
additional police report. The People provided the report to the defendant and filed a supplemental
COC the same day. The People assert that while they were preparing their witnesses for jury trial
on November 17, 2025, one of the witnesses provided an additional Ring camera video. Also,
while reviewing the body camera footage they discovered that a police officer had taken photos
of a witness. The People affirm that they immediately provided this additional discovery to
defense counsel and filed the supplemental COC on November 17, 2025. 
The People argue that defendant's motion to strike is untimely pursuant to CPL 245.50 [4][c]
because the motion was not made within (35) thirty-five days of service of the COC and no
extension of time was granted by the Court to file the motion. This argument is without merit
because the People filed newly discoverable evidence on the eve of trial and the Court granted
the defendant's application to file this motion (CPL 245.50[4] [c][ii]). 
With respect to the CPL § 30.30 portion of the motion, the People affirm that there are
only 8 days of chargeable time on Docket #3020-25. Thus they argue they have 82 remaining
days of CPL 30.30 time on this docket. As for Docket# 3212-25, they argue that there are only 31
days of chargeable time, and 59 days of CPL 30.30 time remaining. 
An order deeming a Certificate of Compliance invalid amounts to a determination that the
People's Statement of Readiness is illusory. CPL § 245 requires the People to file a
certificate of compliance/statement of readiness with the court prior to announcing readiness
under CPL § 30.30 (CPL § 245.50[3]; CPL §30.30[5]). In order for the People to
be ready for trial, "the People must: (1) file a certificate of good faith discovery compliance; (2)
file a valid statement of readiness; and (3) certify the facial sufficiency of the accusatory
instrument (People v. Seymour, 2023 NY Misc. LEXIS 1943 [Dist Ct. Nassau Cty 2023]
citing (People v Ramirez-Correa, 71
Misc 3d 570, 572, 142 NYS3d 783, 785 [Crim Ct., Queens Co. 2021]; see also People v
Hall, CR-013437-20SU [Dist Ct., Suffolk Co. 2021, Kerr, J.]. Criminal Procedure Law
§ 245.50[1] defines a proper certificate of compliance, and it requires the People to certify,
in good faith, two things. First, that they have exercised "due diligence" and made "reasonable
inquiries" to "ascertain the existence" of discoverable material (CPL § 245.50[1]; see also
People v. LaClair, 2023 NY Slip Op. 23146 [2d Dept 2023]; People v. Guzman, 75 Misc 3d
132[A] [2d Dept 2022]), and second, that they "made available all known material and [*3]information subject to discovery." (CPL § 245.50[1]; see
also People ex rel. Ferro v. Brann,
197 AD3d 787, 787-88, 153 N.Y.S.3d 194 [2d Dept. 2021]). 
The CPL provides that the People shall disclose to the defense "material and information in
the possession, custody or control of the prosecution or persons under the prosecution's direction
or control." (See CPL § 245.20 [1)). The key question in determining if a proper
COC has been filed pursuant to CPL § 245.20 is whether the prosecution has exercised due
diligence and made reasonable inquiries to ascertain the existence of material and information
subject to discovery (CPL § 245.50). There is no rule of strict liability, that is, the
statute does not require or anticipate a perfect prosecutor. Belated disclosures do not, in and of
themselves, signify that a certificate of compliance is invalid. Where the People do not make
reasonable efforts, the court should strike the COC and deem the statement of readiness illusory
(People v Bay, 41 NY3d at 213). Where the People made reasonable efforts but failed to
disclose items of discovery, the court should impose a sanction short of dismissal (see CPL
§ 245.50).
Effective August 7, 2025, various statutory changes were made to CPL § 245, codifying
People v. Bay. Specifically, the legislature added CPL § 245.50(5), which
encourages the Court to consider the totality of the People's efforts to comply with their
discovery obligations, as opposed to the People's efforts to obtain each individual discoverable
item. CPL § 245.50(5)(a) details the relevant factors the Court should consider when
assessing the People's due diligence including, the efforts made by the prosecution and the
prosecutor's office to comply with the statutory requirements, the volume of the discovery
provided and outstanding, the complexity of the case, whether the prosecution knew that the
belatedly disclosed or allegedly missing material existed, the explanation for any discovery lapse,
the prosector's response when apprised of any missing discovery; whether the belated discovery
was substantively duplicative, insignificant or easily remedied; whether the omission was
corrected; whether the prosecution self-reported the error and took prompt remedial action
without court intervention; and whether the prosecution's delayed disclosure of discovery was
prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the
case or prepare for trial (CPL § 245.50(5). The statute clarifies that "the court's
determination shall be based on consideration of all factors listed in paragraph (a) of this
subdivision and no one factor shall be determinative"( CPL § 245.50(5)(b)).
Ring Camera Video Footage
In the case at bar, based upon an assessment of all the factors enumerated in CPL §
2245.50 (5)(a), the Court does not find that the belated disclosure of the Ring camera video and
photos to be the result of a lack of due diligence on the part of the People warranting a finding
that the COCs are invalid. The People timely sent formal demands for discovery to the MVPD
police department requesting all of the required and relevant discovery in the instant case. The
People received voluminous discovery from the MVPD on several occasions, which included
police reports, videos, body worn camera, which were promptly disclosed to the defendant. Ring
camera video footage is discoverable under CPL § 245.20 (1)(e) (g). It is undisputed that
such material is automatically disclosable pursuant to CPL § 245(1)(g), if it is in the
possession of the prosecution (People v Seymour, 79 Misc 3d 615 [Suffolk Co. 2023] [People's
belated disclosure of Ring doorbell camera video footage in police department possession did not
warrant striking the COC/SOR]. Here, however, the video footage was not in the possession of
the police department or the prosecution at the time they filed their COC and supplemental COC
on October 17, 2025. It is clear from the People's affirmation and the supplemental exhibits [*4]submitted to the court that the assigned prosecutor made multiple,
diligent attempts to ascertain the existence of any type of video surveillance footage. Specifically,
in the Demand served on the MVPD, the prosecution requested "All electronic recordings . . .
and surveillance footage". The People affirm that they had conversations with the non-law
enforcement witnesses on July 2, 2025, July 28, 2024, July 29, 2025 and October 17, 2025 and at
no time did any of them indicate that an additional Ring camera video existed. The record
reflects that one day prior to jury selection, a civilian prosecution witness appeared in response to
a subpoena for trial and disclosed for the first time that she possessed Ring doorbell camera
footage depicting the alleged incident. The People represent, without contradiction, that they had
been in contact with their witness on multiple occasions prior to that time and that the witness
never disclosed the existence of such footage. Upon learning of the footage, the People promptly
obtained and disclosed it (CPL 245.60). 
The fact that the trial prosecutor first learned about new, discoverable information
from several witnesses who were known to the People after they filed their COC does not,
standing alone, constitute a lack of due diligence. During trial preparation, it is not unusual or
surprising that, in some cases, witnesses may recall after multiple interviews discoverable
information. Indeed, the discovery statute recognized that during the course of a criminal
prosecution, "either the prosecution or the defendant [may] subsequently learn of additional
material or information which it would have been under a duty to disclose pursuant to any
provisions of this article had it known of it at the time of a previous discovery obligation or
discovery order (People v Jackson,
87 Misc 3d 1220 (A) [Sup Ct. Queens Co. 2025]) (holding that belated disclosure of DMV
abstract, photos discovered during trial preparation does not invalidate the
COC).The Court finds that the Ring camera footage was not within the
People's possession, custody or control prior to its disclosure by the witness. The People were not
required to speculate as to the existence of privately owned evidence or to subpoena unknown
materials absent some indication such evidence exists. Under these circumstances, the People
exercised due diligence, and the late disclosure of the Ring camera footage does not invalidate
the COC. Defendant argues that the surveillance footage would have been one of the main pieces
of evidence at trial and would fundamentally alter how defense counsel would have conducted
his cross-examination and overall presentation of the case. Although the defendant's trial has
been delayed by this late disclosure, the trial was adjourned, thereby allowing the defendant the
opportunity to review the discovery prior to the trial taking place. Accordingly, the Court
declines to strike the COC/SOR or issue a sanction for the belated disclosure of the video, as
there is no detriment or prejudice to the defendant.
Photographs
As for the photographs, it is undisputed that those items were in the custody, control and
possession of the MVPD, and materials in their possession are considered within the custody and
control of the People. Notably, the People discovered the missing discovery during trial
preparation, not the defendant. The People concede that while reviewing BWC footage shortly
before trial, an officer was observed taking photographs of a witness. Those photographs were
not included in the initial discovery. It is also clear from the People's affirmation and the
supplemental exhibits submitted to the court that the assigned prosecutor made attempts to
ascertain the existence of any photographs. Specifically, in the discovery demands served on the
MVPD, the prosecution requested "All photographs and drawings." Moreover, the photos were
[*5]not reflected on any police reports. 
After a thorough review of the moving papers, court file, COC, and supplemental COC filed,
the Court applied a "holistic assessment" of the People's efforts to comply with their discovery
obligations, being mindful that perfection is not required (See People v Bay, 41 NY3d at
212; People v Baigorria, 2025 NY Slip Op 51837(U) [Crim Ct. New York Co 2025]).
Although the case is not an overly complex one, based upon the totality of the factors set forth in
CPL § 245.50(5)(a), the Court finds that the People used due diligence prior to filing its
COCs and Supplemental COC on October 17, 2025.
With the COC filed on August 15, 2025 (CR# 3020-25), the People's disclosure consisted of
65 files, including police reports, police paperwork, body worn camera footage, videos, list of
witnesses, and more. This court notes that turning over discovery this large shows good faith.
The People also have an obligation to review their discovery. With the COC filed on July 29,
2025 (CR#3212-25), the People's disclosure consisted of 49 files, including police reports, police
paperwork, 1k material. The People's initial disclosures were extensive, especially in comparison
to a few belatedly disclosed photos. The "mere fact that the People have committed a discovery
violation does not render the statement of readiness illusory, particularly when the People are
otherwise actually ready to try the case" (People v. Deas, 2022 NY Misc. LEXIS 927
[Westchester Co. Sup. Ct. 2022]). As such, the Court finds that the belated disclosure of the
photographs does not warrant striking the COC (See, People v McMahon, 237 AD3d 746 (2nd Dept 2025)(holding
that belated disclosure of various police paperwork, some only discovered during trial
preparation, did not invalidate the originally filed COC and make the People's SOR illusory); People v Jackson, 87 Misc 3d
1220 (A) [Sup Ct. Queens Co. 2025] (holding belated disclosure of photographs stored on
officer's mobile phone discovered during trial preparation did not invalidate the COC or warrant
a discovery sanction); People v Affrunti, 2025 NY Misc LEXIS 2791(Sup Ct Richmond
Cty 2025)(holding that a belated disclosure of the arresting officer's bodycam video only
discovered during hearing preparation did not invalidate the originally filed COC and make the
People's SOR illusory); People v
Ifill, 86 Misc 3d 1216(A)(Sup Ct Kings Cty 2025)(holding that belated disclosure of
various discovery items, including 911 call and the bodycam video of the defendant's arrest did
not invalidate the originally filed COC and make the People's SOR illusory); People v Henry, 74 Misc 3d
1230(A)(Sup Ct Richmond Cty 2022)(holding that a belated disclosure of the arresting
officer's bodycam video only discovered during hearing preparation did not invalidate the
originally filed COC and make the People's SOR illusory). 
The defendant must identify prejudice as a result of the belated disclosure before the court
may impose an appropriate sanction (See C.P.L. § 245.80(1). The court may impose
remedies and sanctions on the People for belated disclosure even when a COC was filed in good
faith (see People v Rodriguez, 73 Misc 3d at 420; see also CPL 245.20 [5];
245.80) People v. Kheir, 74 Misc 3d
712, 721). There has been no allegation by the defendant that he has been prejudiced by the
delay in providing these photographs. As stated above, the trial was adjourned to afford the
defendant the opportunity to review the belated discovery prior to the trial taking place. The
People discovered the photographs were not disclosed and acted promptly to ensure that the
additional discovery was provided as soon as possible to the defendant.
The Court finds that the People should have reviewed the body-worn camera footage earlier
and that such review would likely have revealed the existence of the photographs. However, the
amended CPL requires more than the identification of a discovery lapse to [*6]invalidate a COC or impose severe sanctions. Applying the holistic
analysis mandated by CPL §§245.20 and 245.50(1-a), the Court finds, the lapse was
not willful or in bad faith. The People made reasonable discovery requests to law enforcement,
disclosure occurred promptly upon discovery, the photographs were disclosed prior to trial,
defendant has failed to demonstrate actual, non-speculative prejudice. Defendant has not shown
that earlier disclosure would have altered trial strategy, impaired cross-examination, or resulted
in the loss of a defense. Any potential prejudice was fully cured by the timing of the disclosure
and the opportunity to review the material prior to trial. Accordingly, the photographs are not
precluded and shall be admissible at trial.
Speedy Trial
Defendant moves to dismiss the accusatory pursuant to CPL § 30.30 on speedy trial
grounds. It is well settled that a defendant seeking a speedy trial dismissal pursuant to CPL
§ 30.30 satisfies his initial burden on the motion simply by alleging only that the
prosecution failed to declare readiness within the statutorily prescribed time periods (People
v. Goode, 87 NY2d 1045 [1996]). The burden then shifts to the People to identify the
exclusions on which they intend to rely commencing from the date on which the defendant was
arraigned (People v Drummond, 215 AD2d 579 [2nd Dept 1995]; People v Devore, 65 AD3d 695
[2nd Dept 2009]). With regards to excludable periods of time under CPL § 30.30, the
burden is on the People to prove their entitlement to such statutory speedy trial exclusions for
pre-readiness delays (People v Luperon, 85 NY2d 71 [1995]). Where adjournments are
allowed at the defendant's request or with the defendant's consent, those periods of delay are
expressly waived in calculating the People's trial readiness (CPL § 30.30(4)(b); People v
Kopciowski, 68 NY2d 615 (1986)). Additionally, pursuant to CPL § 30.30(4)(a)
reasonable periods of delay resulting from other proceedings concerning the defendant, including
but not limited to motions, are excludable. The Court notes that the tolling provisions of CPL
§ 30.30(4) apply regardless of whether the People file a COC and announce their readiness
(See People v Galante, 78 Misc 3d
31 [App Term 2nd Dept 2023](holding that CPL § 30.30(4) exclusions apply regardless
of whether the People have filed a COC and announce ready); see also, People v Arellano, 22 Misc 3d 139(A) [App Term 2nd
Dept 2009]; People v Ramdhani, 79 Misc 3d 1234(A)[Dist. Ct. Nassau Cty 2023];
People v David R, 93 Misc 3d 1259(A) [Crim Ct NY Cty 2024]; People v
Gardner, 2024 NYLJ LEXIS 4141 [Dist Ct Nassau Cty 2025]; see also People v
Bendter, 184 Misc 2d 374 [Crim Ct NY Cty 2000]; People v Jones, 151 Misc 2d 582
[App Term 2d Dept 1991]; People v Gonzalez, 181 Misc 2d 105 [Crim Ct NY Cty
1998](holding that tolling provisions of CPL § 30.30(4) apply even where there is an
erroneous ruling that the People were ready including those resulting from defendant's motion
practice).
The point of commencement of an action for speedy trial purposes is the filing of the first
accusatory instrument (People v Lomax, 50 NY2d 351 [1980]; see also,
People v. Stirrup, 91 NY2d 434 [1998]. The actual date of filing is not includable in the
calculation (People v. Stiles, 70 NY2d 765 (1987)). The burden is on the People to prove
their entitlement to statutory speedy trial exclusions for pre-readiness delays (People v
Luperon, 85 NY2d 71 [1995]). 
Upon review of the submissions of the parties and a review of the official court file, the
Court makes the following findings:
Docket #CR 3020-25
The initial felony complaint was filed on June 20, 2025. Defendant was arraigned on the
felony complaint the same day. On August 7, 2025, the felony was dismissed and the People
[*7]filed a superseding misdemeanor information. The People
filed a subsequent superseding misdemeanor information on November 17, 2025. 
Pursuant to CPL § 30.30(7)(c), when a criminal action is commenced by the filing of a
felony complaint that is later replaced by a misdemeanor information, the period applicable for
determining the amount of time in which the People must be ready for trial is the period
applicable to the new charges, calculated from the date of the filing of such new accusatory
instrument, or six months from the filing of the felony complaint, whichever is shorter.[FN1]
In other words, where the aggregate of the period of time applicable to the new charges and the
period of chargeable time already elapsed from the date of the filing of the felony complaint to
the date of the filing of the new accusatory instrument exceeds six months, excluding the periods
provided in CPL §30.30(4), the applicable period is six months from the filing of the felony
complaint (People v. Cooper, 98 NY2d 541 [2002]; People v. Spector, 181 Misc
2d 522 [Crim Ct. NY County 1999]; People v. Hashim, 48 Misc 3d 532 [Sup Ct Kings Cty 2015]
(explaining that where charges are reduced from a felony to a misdemeanor the applicable time
period is the lesser of the remainder of the original six month period or the applicable period of
the charge as reduced).
Upon review of the submissions of the parties and a review of the official court file, the
Court makes the following findings:
On this Docket, the People filed the original accusatory instrument, that being the felony
complaint, with the Court on June 20, 2025 and as such, that is the date of the commencement of
the action (See People v Smietana, 98 NY2d 336 (2002); People v Hauben, 12 Misc 3d
1172A [Dist Ct Nassau 2006]; People v Griffen, 141 Misc 2d 627 [Crim Ct. Queens
Cty 1988].
June 20, 2025 to August 15, 2025 (56 days)
Defendant was arraigned and the matter was adjourned to July 17, 2025 for discovery at the
People's request. The matter was accelerated to June 30, 2025 following defendant's arrest on the
other docket. The matter was adjourned to July 17, 2025 for discovery at the defendant's request.
On July 17, 2025, defendant appeared and the matter was adjourned to August 7, 2025 for a
Felony hearing. On August 7, 2025, the felony was dismissed and the People filed a superseding
misdemeanor information. The People filed a Certificate of Compliance and Statement of
Readiness off calendar on August 15, 2025. As the court deemed the COC and SOR filing valid,
the speedy trial clock was tolled. This period of 56 days chargeable to the People. 
August 15, 2025 to October 7, 2025 (0 days)
On August 7, 2025 defendant appeared and the matter was adjourned to September 8, 2025
for discovery at the People's request. However, the People filed the COC and SOR off calendar
on August 15, 2025. On September 8, 2025 defendant appeared and the matter was adjourned to
October 7, 2025 for jury pre trial on consent.. On September 15, 2025 the People filed an off
calendar motion to consolidate. This period is excluded.
October 7, 2025 to October 20, 2025 (0 days)
On October 7, 2025, defendant appeared and consented to having this motion consolidated
with Docket# CR 3030-25. The matter was adjourned to October 20, 2025 for jury selection. The
People filed an off calendar Supplemental COC on October 17, 2025. This period is
excluded.
October 20, 2025 — November 5, 2025 (0 days)
Defendant appeared. Defendant requested new counsel. New counsel was appointed. The
matter was adjourned to November 5, 2025 for jury pre trial on consent. This period is excluded.

November 5, 2025 — November 17, 2025 (0 days)
Defendant appeared and the matter was adjourned for jury trial. This period is excluded.
November 17, 2025 (0 days)
Defendant appeared. The matter was adjourned to July 18, 2025 for Jury Selection. However,
the prosecution filed a Supplemental Certificate of Compliance Disclosing the new discovery.
Defense requested to file the instant motion and motion schedule was set. The speedy trial clock
is tolled for motion practice.
Based upon the foregoing, the People are charged with 56 days post arraignment on the
felony complaint and as such are within the statutory limit of 184 days as provided above. The
motion to dismiss on speedy trial grounds is denied.
Docket # CR 3212-25
On Docket #3212, the misdemeanor information was filed on June 28, 2025. With respect to
the defendant's CPL § 30.30 motion, the People in this case are required to be ready for trial
within ninety (90) days of the commencement of the criminal action. The point of
commencement for speedy trial purposes is generally the filing date of the first accusatory
instrument. 
June 28, 2025 — July 29, 2025 (31 days)
Defendant appeared and was arraigned. The matter was adjourned on to June 30, 2025, July
17, 2025 and August 7, 2025 for discovery at the People's request. The People filed their COC
off calendar on July 29, 2025. As the Court deemed the COC valid, the speedy trial clock was
tolled. 31 days are chargeable to the People for this period.
July 29, 2029 — September 8, 2025 (0 days)
The People filed the Certificate of Compliance and Statement of Readiness off calendar on
July 29, 2025 and it was deemed valid in Court on August 7, 2025. Defendant appeared on
August 7, 2025 and the matter was adjourned to September 8, 2025 at the defendant's request.
This period is excluded.
September 8, 2025 — October 7, 2025 (0 days)
Defendant appeared and the matter was adjourned to October 7, 2025 on consent for jury
pre-trial. This period is excluded.
October 7, 2025 — October 20, 2025 (0 days)
Defendant appeared and consented to having this matter consolidated with Docket #CR
3030-25. The People filed a Supplemental COC on October 17, 2025. The matter was adjourned
to October 20, 2025 for jury selection on consent. This period is excluded.
October 20, 2025 — November 5, 2025 (0 days)
Defendant appeared. Defendant requested new counsel. New counsel was appointed. The
matter was adjourned to November 5, 2025 for jury pre trial on consent. This period is excluded.

[*8]November
5, 2025 — November 17, 2025 (0 days)
Defendant appeared and the matter was adjourned for jury trial. This period is excluded.
November 17, 2025
Defendant appeared. The matter was adjourned to July 18, 2025 for Jury Selection. However,
the prosecution filed a Supplemental Certificate of Compliance Disclosing the new discovery.
Defense requested to file the instant motion and motion schedule was set. This period is excluded
for motion practice.
Accordingly on Docket #CR 03212-25, 31 days are chargeable to the People. The Court
finds that the People are within their statutory speedy trial time and defendant's motion to dismiss
this accusatory instrument pursuant to CPL § 30.30 on speedy trial grounds is denied. 
This constitutes the Decision and Order of this Court.
Dated: February 27, 2026Mount Vernon, New YorkHON. NICHELLE
A. JOHNSONCity Judge of Mount Vernon

Footnotes

Footnote 1:The Court notes that if the top
count of an accusatory instrument is a felony, the time period is six calendar months, not 180
days. See General Construction Law § 30. As such, the six month time period may
be as short as 181 days and as long as 184 days. In the case at bar, the applicable CPL §
30.30 six month time period is 184 days.